E-FILED
Tuesday, 20 October, 2026 03:57:28 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| LEANNE CHILDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 26-3142 |
| | ) | |
| RISHA FENNELL, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**MERIT REVIEW ORDER**

Plaintiff, proceeding pro se and presently incarcerated at Logan Correctional Center, brought this lawsuit pursuant to 42 U.S.C. § 1983. The case is now before the Court for a merit review of Plaintiff's claims. As a threshold matter, Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 7) is granted.

The Court must "screen" Plaintiff's amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff's amended complaint lists the officials she wants to sue and includes approximately 100 pages of medical records. Plaintiff did not include any allegations against the named defendants.

The Court cannot incorporate any allegations Plaintiff made in previous complaints. *Scott v. Chuhak & Tecson, P.C.*, 725 F.3d 772, 782-83 (7th Cir. 2013) ("[F]acts or admissions from an earlier complaint that are not included in a later complaint cannot be considered on a motion to dismiss."); *Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture."). The Court cannot ascertain the claims Plaintiff intends to assert against any official. She must allege how each individual defendant violated her constitutional rights. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation.").

The Court finds that Plaintiff fails to state a claim upon which relief can be granted. Plaintiff's amended complaint is dismissed with leave to amend as directed below to permit Plaintiff the opportunity to clarify her allegations and provide any additional information he desires the Court to consider.

**Plaintiff's Motions for Status (Docs. 15, 18)**

Plaintiff's motions for status are denied as moot with the entry of this Order.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motion for Leave to File Amended Complaint [7] is GRANTED. Clerk is directed to docket the proposed amended complaint attached to Plaintiff's motion.**

2) **Plaintiff's amended complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have 30 days from the entry of this order to file an amended complaint. Failure to file an amended complaint will result in the dismissal of this case, with prejudice, for failure to state**

**a claim. Plaintiff's amended complaint will replace Plaintiff's original complaint in its entirety. The amended complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.**

3) **Plaintiff's Motions [15][18] are DENIED.**

4) **Clerk is directed to send Plaintiff a blank complaint form.**

Entered this 20th day of October, 2026.

*s/Sara Darrow*
SARA DARROW
UNITED STATES DISTRICT JUDGE